UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TRAVIS,<br><br>    Plaintiff.<br><br>    v.<br><br>DAVE DAVEY,<br><br>    Defendant. | Case No. 14-cv-04068-KAW<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

William Travis ("Petitioner"), a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court hereby orders Dave Davey ("Respondent") to show cause why a writ of habeas corpus should not be granted.

## DISCUSSION

### A.  Standard of review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B.  Petitioner's claims

Following a jury trial, Petitioner was convicted of attempted premeditated murder, with a gun enhancement. In his petition, he claims that his Fifth, Sixth, and Fourteenth Amendment rights were violated when (1) the prosecution failed to disclose the identity and location of a

material witness learned prior to the onset of trial and (2) the prosecution purposely instructed the investigator not to take a discoverable statement from this material witness until after the conclusion of trial, both in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  Petitioner also claims that if defense counsel had sufficient information to locate the witness, defense counsel was ineffective for failing to do so, in violation of Petitioner's right to effective assistance of counsel under the Sixth and Fourteenth Amendments.  Upon review of the petition, the Court finds that Petitioner's claims are not vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  The Court, therefore, orders Respondent to show cause why a writ of habeas corpus should not be granted.

## CONCLUSION

Good cause appearing, the Court hereby orders as follows:

1. The Clerk shall serve a copy of this order, the petition, and all attachments thereto upon Respondent and Respondent's counsel, the Attorney General of the State of California.  The Clerk shall also serve a copy of this Order on Petitioner and Petitioner's counsel.

2. Within 60 days of this order, Respondent shall file an answer conforming in all respects to Rule 5 of the Rules Governing § 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file the answer together with (a) a memorandum of points and authorities, (b) the matters defined in Rule 5 of the Rules Governing § 2254 Cases, (c) portions of the trial and appellate record that are relevant to a determination of the issues presented by the petition, and (d) a certificate of service.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within 30 days of his receipt of the answer.  If Petitioner does not file a traverse, the petition will be deemed submitted and ready for decision 30 days after the date Petitioner is served with Respondent's answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing § 2254 Cases.  If Respondent files such a motion, Petitioner shall serve and file an opposition or statement of non-opposition to the motion within 30 days of receipt of the motion.  Respondent shall serve

1    and file a reply within 15 days of receipt of any opposition.

2            4.        Respondent shall file his Consent or Declination to Magistrate Judge Jurisdiction

3    on or before the date his answer is due.

4    **IT IS SO ORDERED.**

5    Dated: 11/07/14

_____
KANDIS A. WESTMORE
United States Magistrate Judge